1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11

12  AUGUSTUS NELSON,
    CDCR #C-66719,

13                                              Plaintiff,

14

15                      vs.

16

17

18  DENNIS BROWN, Warden;
    DOUG J. DEGEUS, Appeals Coordinator;
19  NANCY GARCIA, Office Technician;

20                                              Defendants.

21

22

Civil No.    11cv2202 DMS (WVG)

**ORDER:**

**(1) GRANTING PLAINTIFF's MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350.00 BALANCE FROM PRISONER'S TRUST ACCOUNT [ECF No.2];**

**(2)  DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b);**

23       Augustus Nelson,  ("Plaintiff"), is a state prisoner currently incarcerated at Centinela

24  State Prison located in Imperial, California, and proceeding pro se, has submitted an action filed

25  pursuant to 42 U.S.C. § 1983.   Additionally, Plaintiff has filed  a Motion to Proceed *In Forma*

26  *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No.2].

27  / / /

28  / / /

# I.

## MOTION TO PROCEED IFP [ECF No.2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No.2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

1  *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's

2  pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

3  which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

4  (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the

5  court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*

6  *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

7        Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

8  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

9  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

10 United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122

11 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

12       **A.**      **Fourteenth Amendment Due Process Claims**

13       Throughout Plaintiff's Complaint, he alleges prison officials have failed to adequately

14 process or respond to his administrative grievances since May 23, 2007.   The Fourteenth

15 Amendment provides that:  "[n]o state shall ... deprive any person of life, liberty, or property,

16 without due process of law."  U.S. CONST. amend. XIV, § 1.  "The requirements of procedural

17 due process apply only to the deprivation of interests encompassed by the Fourteenth

18 Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569

19 (1972).   State statutes and prison regulations may grant prisoners liberty or property interests

20 sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).

21 To state a procedural due process claim, Plaintiff must allege:  "(1) a liberty or property interest

22 protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack

23 of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

24       However, the Ninth Circuit has held that prisoners have no protected *property* interest in

25 an inmate grievance procedure arising directly from the Due Process Clause.  *See Ramirez v.*

26 *Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement

27 to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

28 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate

1  claim of entitlement to a [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75

2  (4th Cir. 1994) (1995);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

3         In addition, Plaintiff has failed to plead facts sufficient to show that prison official

4  deprived him of a protected *liberty* interest by allegedly failing to respond to his prison

5  grievances in a satisfactory manner.  While a liberty interest can arise from state law or prison

6  regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if

7  Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not

8  expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in

9  relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995);

10  *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads nothing to suggest how

11  the allegedly inadequate review and consideration of his inmate grievances resulted in an

12  "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

13         Thus, to the extent Plaintiff challenges the procedural adequacy of inmate grievance

14  procedures, his Complaint fails to state a due process claim. Consequently, the Court finds that

15  Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief

16  can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

17                                        **III.**

18                              **CONCLUSION AND ORDER**

19         Good cause appearing, **IT IS HEREBY ORDERED** that:

20         1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No.2] is

21  **GRANTED**.

22         2.     The Secretary of California Department of Corrections and Rehabilitation, or his

23  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

24  owed in this case by collecting monthly payments from the account in an amount equal to twenty

25  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

26  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

27  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

28  ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.      The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED:  October 19, 2011

_____
HON. DANA M. SABRAW
United States District Judge