# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTUS NELSON,<br>CDCR #C-66719,<br><br>                                        Plaintiff,<br><br>vs.<br><br><br>DOUG J. DEGEUS, Appeals Coordinator;<br>NANCY GARCIA, Office Technician;<br><br><br>                                        Defendants. | Civil No.      11cv2202 DMS (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR PERMISSION TO FILE SUPPLEMENTAL EXHIBIT TO FIRST AMENDED COMPLAINT; AND**<br><br>**(2)  DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On September 21, 2011, Augustus Nelson ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, submitted an action filed pursuant to 42 U.S.C. § 1983.  Additionally, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

1    The Court granted Plaintiff's Motion to Proceed *IFP* and sua sponte dismissed his

2  Complaint for failing to state a claim upon which relief could be granted.  *See* Oct. 19, 2011

3  Order at 5-6.  Plaintiff was granted leave to file an Amended Complaint in order to correct the

4  deficiencies of pleading identified by the Court.  *Id.*  On December 5, 2011, Plaintiff filed his

5  First Amended Complaint ("FAC"), along with a "Motion for Permission to File Supplement to

6  Plaintiff's Exhibits" [ECF No. 7].  In this Motion, Plaintiff seeks to add additional exhibits to

7  his First Amended Complaint.  Plaintiff's Motion is GRANTED  and the Court will consider the

8  exhibits filed with this Motion, along with Plaintiff's First Amended Complaint.

9                                                           **II.**

10          **SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

11    As the Court stated in the previous screening Order, notwithstanding IFP status or the

12  payment of any partial filing fees, the Court must subject each civil action commenced pursuant

13  to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case

14  it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or

15  seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

16  *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

17  § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

18  2000) (en banc) (noting that 28 U.S.C. §  1915(e) "not only permits but requires" the court to

19  sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

20    Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte

21  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as

22  amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to

23  the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing

24  the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3).  *See Calhoun*, 254 F.3d at

25  845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.

26  1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of

27  process is made on the opposing parties").

28  / / /

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all

2    allegations of material fact and must construe those facts in the light most favorable to the

3    plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194

4    (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

5    *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's

6    pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

7    which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

8    (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the

9    court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board*

10   *of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

11   Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

12   acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

13   the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

14   United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122

15   (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

16   In early 2007 Plaintiff was charged with a serious rules violation.  (*See* FAC at 4-5.)

17   Plaintiff was later found guilty of a rules violation and this finding was upheld by the Institution

18   Classification Committee on May 31, 2007. (*Id.* at 6.)  Plaintiff attempted to file administrative

19   grievances to overturn this disciplinary conviction but he claims Defendants Degeus and Garcia

20   refused to timely process his grievances.  (*Id.*)  Thus, Plaintiff claims he has a "1st Amendment

21   claim" which is "interwined with a 14th Amendment claim as the procedural due process

22   violation adversely affected Plaintiff's liberty interest." (*Id.* at 14.)

23   However, where a particular provision of the Constitution "'provides an explicit source

24   of constitutional protection' against a particular sort of government behavior," that provision

25   must be the guide for analyzing Plaintiff's claims. *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir.

26   1996) (quoting *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994)).  Thus, the Court will construe

27   Plaintiff's claims as arising under the Fourteenth Amendment.

28   / / /

1    The Fourteenth Amendment provides that: "[n]o state shall ... deprive any person of life,

2 liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.   "The

3 requirements of procedural due process apply only to the deprivation of interests encompassed

4 by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*,

5 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty or

6 property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215,

7 223-27 (1976).  To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or

8 property interest protected by the Constitution; (2) a deprivation of the interest by the

9 government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

10    However, the Ninth Circuit has held that prisoners have no protected *property* interest in

11 an inmate grievance procedure arising directly from the Due Process Clause.   *See Ramirez v.*

12 *Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement

13 to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

14 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate

15 claim of entitlement to a [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75

16 (4th Cir. 1994) (1995);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

17    In addition, Plaintiff has failed to plead facts sufficient to show that prison official

18 deprived him of a protected *liberty* interest by allegedly failing to respond to his prison

19 grievances in a satisfactory manner.  While a liberty interest can arise from state law or prison

20 regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if

21 Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not

22 expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in

23 relation to the ordinary incidents of prison life." *Sandin v. Conner*,  515 U.S. 472, 484 (1995);

24 *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Plaintiff pleads nothing to suggest how

25 the allegedly inadequate review and consideration of his inmate grievances resulted in an

26 "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

27    Thus, to the extent Plaintiff challenges the procedural adequacy of inmate grievance

28 procedures, his First Amended Complaint, once again, fails to state a due process claim.

1        Additionally, it appears from the face of Plaintiff's First Amended Complaint that his

2   claims against Defendant Degeus and Garcia are time barred.   Where the running of the statute

3   of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is

4   proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section

5   1983 contains no specific statute of limitation, federal courts apply the forum state's statute of

6   limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004);

7   *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th

8   Cir. 1999).   Before 2003, California's statute of limitations was one year.  *Jones*, 393 F.3d at

9   927.  Effective January 1, 2003, the limitations period was extended to two years.  *Id.* (citing

10  CAL. CIV. PROC. CODE § 335.1).

11       Unlike the length of the limitations period, however, "the  accrual date of a § 1983 cause

12  of action is a question of federal law that is not resolved by reference to state law." *Wallace v.*

13  *Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law

14  governs when a § 1983 cause of action accrues).  "Under the traditional rule of accrual ... the tort

15  cause of action accrues, and the statute of limitation begins to run, when the wrongful act or

16  omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955

17  ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the

18  injury which is the basis of the action." ).

19       Here, Plaintiff seeks to hold Defendants liable for actions they were alleged to have taken

20  in July of 2007.   Thus, Plaintiff would have reason to believe that his constitutional rights were

21  violated more than four years ago.  *Id.*; *see also Maldonado*, 370 F.3d at 955.    However,

22  Plaintiff did not file his Complaint in this case until September 21, 2011, which exceeds

23  California's statute of limitation.  *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927.

24  Plaintiff does not allege any facts to suggest how or why California's two-year statute of

25  limitations might be tolled for a period of time which would make his claims timely.  *See*,

26  *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during

27  a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL.

28  CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January

1    1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the

2    statute would result in a "manifest injustice.").

3          Pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in 2007, would be tolled

4    for two years. California's two-year statute of limitations would then begin to run -- requiring

5    Plaintiff to file this action against these Defendants no later than July of 2011.   Generally,

6    federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914;

7    *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988).   Under California law,

8    however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he

9    must have diligently pursued his claim; (2) his situation must be the product of forces beyond

10   his control; and (3) the defendants must not be prejudiced by the application of equitable tolling.

11   *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App.

12   1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

13   Here, however, Plaintiff has failed to plead any facts which, if proved, would support the

14   equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir.

15   1993).    Thus, Plaintiff's claims against Defendants Degeus and Garcia must be dismissed

16   pursuant to 28 U.S.C. § 1915(e)(2) because it appears from the face of the pleading that

17   Plaintiff's claims are time-barred. *Cervantes*, 5 F.3d at 1277.

18                                        **III.**

19                            **CONCLUSION AND ORDER**

20         Good cause appearing, **IT IS HEREBY ORDERED** that:

21         1.    Plaintiff's Motion for Permission to File Supplement to Plaintiff's Exhibits [ECF

22   No. 7] is **GRANTED.**

23         **IT IS FURTHER ORDERED** that:

24         2.    Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant

25   to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45)

26   days leave from the date this Order is "Filed" in which to file a Second Amended Complaint

27   which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must

28   be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.

1   Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed

2   to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if

3   Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may

4   be dismissed without further leave to amend and may hereafter be counted as a "strike" under

5   28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6         3.     The Clerk of Court is directed to mail a court approved form § 1983 complaint to

7   Plaintiff.

8       **IT IS SO ORDERED.**

9   DATED:  January 3, 2012

10

11             HON. DANA M. SABRAW
           United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28