# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| AUGUSTUS NELSON, | CASE NO. 11cv2202-GPC-WVG |
|---|---|
| Plaintiff, | **ORDER DECLINING TO ADOPT MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND REMANDING** |
| vs. | |
| ARMAND FAVILA, DOUG DEGEUS, M. GARCIA, | |
| Defendant. | |

    Plaintiff, Augustus Nelson ("Plaintiff"), a state prisoner proceeding pro se, filed a Second Amended Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Dkt. No. 11, "SAC.") Defendants A. Favila, M. Garcia, and D. Degeus ("Defendants") filed a Motion to Dismiss, and a Wyatt Notice pursuant to Wyatt v. Terhune, 315 F3d. 1108, 1119 (9th Cir. 2003). (Dkt. No. 21.) On August 7, 2012, the Court provided Plaintiff with a Notice pursuant to Wyatt. (Dkt. No. 22.) Pursuant to 28 U.S.C. § 636(b)(1), the Honorable William V. Gallo, United States Magistrate Judge, submitted a report and recommendation ("Report") to this Court recommending the Defendants' Motion to Dismiss be granted, and SAC be dismissed without prejudice. (Dkt. No. 31.) Objections to the Report were due by December 14, 2012, but neither party filed objections.

    Upon review of the matter, the Court discovered that Plaintiff had previously filed a habeas petition in Nelson v. Clark, 10CV1047-IEG MDD, 2011 WL 3740352

(S.D. Cal. July 15, 2011) report and recommendation adopted, 10-CV-1047-IEG MDD, 2011 WL 3739149 (S.D. Cal. Aug. 23, 2011). Thus, after careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **DECLINES TO ADOPT** the magistrate judge's analysis. The matter is **REMANDED** to Magistrate Judge Gallo to set a briefing schedule and determine whether the case should be dismissed under res judicata based upon the judgment entered in Nelson v. Clark.

## BACKGROUND[1]

Plaintiff Augustus Nelson is currently serving a life sentence after conviction for kidnapping for robbery with use of a deadly weapon. (See Nelson v. Clark, Civil No. 10-cv-1047, Dkt. No. 12 at 1-2.) He was a state prisoner at Centinela State Prison at the time of the events giving rise to the action herein and currently resides at the California Men's Colony. (SAC at 1;[2] Dkt. No. 27; Opposition to Motion to Dismiss, "Pl. Opp.").

On March 20, 2007, prison authorities issued Plaintiff a California Department of Corrections 115 Rules Violation Report ("RVR") for possession of an inmate-manufactured weapon, discovered by a prison securities officer pursuant to a search conducted on March 15, 2007. (Pl. Opp. at 3; Dkt. No. 22 Defendants' Motion to Dismiss, "MTD" at 1.)

On April 13, 2007, a Senior Hearing Officer ("SHO)" found Plaintiff guilty of possessing an inmate-manufactured weapon at Plaintiff's disciplinary hearing. (SAC at 3, ¶ 6; MTD at 1.) On May 23, 2007, approximately 40 days later, Plaintiff received an "Inmate Copy" of the "Findings of Evidence" and "Final Disposition" of that disciplinary hearing, dated May 21, 2007 ("Inmate Copy"). (SAC at 3, ¶ 8; MTD at 1.)

---

[1] The underlying facts set forth in the Report is adopted *in toto*, and referenced as if fully set forth herein. This Court provides only a brief procedural background.

[2] All references to the SAC are to the ECF Page Number of Dkt. No. 11.

On May 31, 2007, at a hearing to review the findings of the SHO, the Institutional Classification Committee ("ICC") affirmed the guilty finding for possession of an inmate-manufactured weapon. (SAC at 15, ¶ 3; MTD at 2.) On June 25, 2007, Plaintiff was provided an Inmate Copy of the ICC's decision. (SAC at 16, ¶ 19; MTD at 2.)

On July 8, 2007, Plaintiff filed an inmate appeal challenging the original guilty finding. (MTD at 2.) On July 11, 2007, a prison appeals coordinator "screened out" Plaintiff's appeal for being untimely. (Id.; Dkt. 6, Exhibit 4 at 42; "Screening at Second Level.")

On July 22, 2007, Plaintiff resubmitted the appeal. (SAC at 18, ¶ 29; MTD at 2.) On July 24 2007, the prison appeals coordinator again "screened out" and cancelled the appeal for untimeliness. (SAC at 18, ¶ 30; MTD at 2; Dkt. No. 6, Exhibit 6 at 45; "Rescreening at Second Level.")

On August 8, 2007, Plaintiff submitted his rejected inmate appeal to the Chief of Inmate Appeals. (SAC at 22, ¶ 42; MTD at 2.) On September 19, 2007, Plaintiff's appeal was rejected based on his failure to receive a second-level appeal decision at the institutional level. (SAC at 22, ¶ 43; MTD at 2; Dkt. No. 6, Exhibit 7 at 47; "Director's Level Review.")

On March 16, 2012, Plaintiff filed the instant action before the court, claiming to have exhausted all available administrative remedies. (SAC.) First, Plaintiff alleges his due process rights under the Fourteenth Amendment were violated by Defendants' failure to prove him with an Inmate Copy of the SHO's findings within five working days of the decision in accordance with Cal. Code of Regs. 15, art. 5, § 3320(1). (SAC at 4-7.) Second, Plaintiff alleges he was deprived of his First Amendment right to redress of grievances when Defendants failed to process his inmate appeals. (SAC at 13-23; MTD at 10-11.)

Defendants filed a Motion to Dismiss the Second Amended Complaint for Failure to Exhaust Administrative Remedies and Failure to State a Claim for Which

Relief May be Granted on August 6, 2012. (Dkt. No. 22.) On October 18, 2012, Plaintiff field a Response in Opposition to Defendants' Motion to Dismiss. (Dkt. No. 29.) On October 25, 2012, Defendants filed a Reply to Response in Opposition to Defendants' Motion to Dismiss. (Dkt. No. 30.) The magistrate judge's Report was filed on November 6, 2012. (Dkt. No. 31.) No objections to the Report were filed by either party.

## DISCUSSION

### I. Legal Standard

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

### II. Analysis

The Court received no objections to the Report and no request for an extension of time in which to file any objections. As such, the Court assumes the correctness of the magistrate judge's factual findings and adopts them in full. The Court has conducted a de novo review, independently reviewing the Report and all relevant papers submitted by both parties. Upon review of the record and filings by Plaintiff, the Court declines to adopt the Report and remands the case to the magistrate judge for

determination of whether Plaintiff's previous April 2011 judgment in <u>Nelson v. Clark</u> precludes judgment in the present case.

## **CONCLUSION AND ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED** that the present action be remanded to the magistrate judge for further review.

DATED: July 24, 2013

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge