```
                   UNITED STATES DISTRICT COURT

                 SOUTHERN DISTRICT OF CALIFORNIA


AUGUSTUS NELSON,              ) Civil No.11-2202-GPC(WVG)
                              )
          Plaintiff,          ) REPORT AND RECOMMENDATION
                              ) GRANTING DEFENDANTS'
v.                            ) MOTION TO DISMISS
                              ) (DOC. NO. 21)
DENNIS BROWN, et al.,         )
                              )
          Defendants.         )
                              )
_____)
```

I

INTRODUCTION

Plaintiff Augustus Nelson ("Plaintiff"), a state prisoner proceeding *pro se* and *informa pauperis,* filed a Second Amended Civil Rights Complaint ("SAC") under 42 U.S.C. § 1983. Defendants A. Favila, M. Garcia, and D. Degeus ("Defendants") filed a Motion to Dismiss, and a Wyatt Notice pursuant to Wyatt v. Terhune, 315 F. 3d 1108, 1119 (9th Cir. 2003). On August 7, 2012, the Court also provided Plaintiff with a Notice pursuant to Wyatt.

On November 6, 2012, the undersigned filed a Report and Recommendation ("R&R") that recommended that Defendants' Motion to Dismiss be granted, and the SAC be dismissed without prejudice. On July 24, 2013, District Judge Gonzalo P. Curiel issued an Order Declining To Adopt The Report and Recommendation ("Order"). The Order stated that the Court discovered that Plaintiff had previously filed a Petition for Writ of Habeas Corpus [Case No. 10cv1047-IEG(MDD), Report and Recommendation July 15, 2011, adopted August 23, 2011, Judgment entered on August 24, 2011] which appeared to raise the same claims as raised in this action. The Order directed the undersigned to set a briefing schedule and determine whether the case should be dismissed under the principle of *res judicata* based on the Judgment entered on August 24, 2011.

The undersigned ordered Plaintiff and Defendants to file supplemental briefs that address the *res judicata* issue. Defendants filed the Supplemental Brief. Plaintiff filed a Response in Opposition to Defendants' Supplemental Brief.

The Court, having reviewed Plaintiff's Complaint, Defendants' Supplemental Brief, and Plaintiff's Response in Opposition to Defendants' Supplemental Brief hereby finds that Plaintiff is not entitled to the relief requested, RECOMMENDS that Defendants' Motion to Dismiss be GRANTED and Plaintiff's SAC be DISMISSED with prejudice.

II

FACTUAL ALLEGATIONS

This statement of facts is based, in large part, upon the allegations in Plaintiff's SAC and the administrative appeals that were attached to the First Amended Complaint as exhibits.[1/] At Plaintiff's request, the Court attached those exhibits to the Second Amended Complaint, and has cited them herein. (SAC at 34).

Plaintiff was a state prisoner at Centinela State Prison at the time of the events herein. (SAC at 1). Plaintiff is currently housed at the California Men's Colony. (Opposition to Motion to Dismiss).

On March 15, 2007, a prison security officer searched Plaintiff's cell, which was jointly occupied by another inmate, and found an inmate-manufactured weapon. (Id. at 3; Motion to Dismiss at 1). On March 20, 2007, prison authorities issued Plaintiff a CDC 115 Rules Violation Report ("RVR") for possession of an inmate-manufactured weapon. (SAC at 3; Motion to Dismiss at 1).

On April 13, 2007, a Senior Hearing Officer ("SHO") conducted a disciplinary hearing and found Plaintiff guilty of possessing an inmate-manufactured weapon.[2/] (SAC

---

[1/] The Court notes that Plaintiff's First Amended Complaint, which contained exhibits was supplanted by the SAC.

[2/] Plaintiff does not explicitly address whether he attended the initial disciplinary hearing. However, in Plaintiff's Second Level Appeal he refers to being "advise[d] and assist[ed]" in the "preparation of the hearing," and notes specific circumstances that surrounded the hearing. Nowhere does Plaintiff assert that he did not attend the hearing, nor that he was deprived of an opportunity to appear before the SHO. Based on these reasons and on the information contained in Plaintiff's SAC and Exhibits, this Court concludes that Plaintiff was present for the initial disciplinary hearing on April 13, 2007.
  Additionally, it is unclear from the record whether the SHO informed

at 3; Motion to Dismiss at 1). On May 23, 2007, approximately 40 days later, Plaintiff was issued an "Inmate Copy" of the "Findings of Evidence" and "Final Disposition" of that disciplinary hearing ("Inmate Copy"). (SAC at 3; Motion to Dismiss at 1). The Inmate Copy was dated May 21, 2007. (SAC at 3; Motion to Dismiss at 1).

On May 31, 2007, an Institutional Classification Committee ("ICC") hearing was conducted to review the SHO's findings. (SAC at 15; Motion to Dismiss at 2). Plaintiff attended the hearing. (SAC at 15; Motion to Dismiss at 2). At the hearing, the ICC affirmed the SHO's guilty finding for possession of an inmate-manufactured weapon. (SAC at 15; Motion to Dismiss at 2). As a result, the ICC imposed an eight-month term in the Security Housing Unit ("SHU") and increased Plaintiff's custody classification points. (Institutional Classification Committee Report - Exhibit 1 at 37).[3/] On June 25, 2007, Plaintiff was provided with an Inmate Copy of the ICC's decision. (SAC at 16; Motion to Dismiss at 2).

On July 8, 2007, Plaintiff filed an inmate appeal challenging the original guilty finding. (SAC at 16; Motion to Dismiss at 2). On July 11, 2007, a prison appeals coordinator "screened out" Petitioner's appeal for

---

Plaintiff of the guilty finding at the time of the hearing on April 13, 2007. However, Plaintiff does not allege in his SAC or Exhibits that he was not informed of the disposition any time after the initial finding of guilt. Nor does Plaintiff assert that he was not informed of the SHO's finding in a timely manner. Plaintiff's sole contention is that he was not provided with *copies* of the disposition in a timely manner. Therefore, this Court finds that Plaintiff was aware of the SHO's guilty finding at the time the decision was rendered.

[3/] All of Plaintiff's Exhibits cited herein refer to the ECF pagination number, as Plaintiff combined all individual documents into one Exhibit.

being untimely. (SAC at 16; Motion to Dismiss at 2; Screening at Second Level - Exhibit 4 at 42). On July 22, 2007, Plaintiff resubmitted the appeal. (Complaint at 18; Motion to Dismiss at 2). On July 24, 2007, the prison appeals coordinator "screened out" and cancelled the appeal again for untimeliness. (Complaint at 18; Motion to Dismiss at 2; Re-screening at Second Level - Exhibit 6 at 45). On August 8, 2007, Plaintiff submitted his rejected inmate appeal to the Chief of Inmate Appeals. (Complaint at 22; Motion to Dismiss at 2). On September 19, 2007, Plaintiff's appeal was rejected based on his failure to receive a second-level appeal decision at the institutional level. (SAC at 22; Motion to Dismiss at 2; Director's Level Review - Exhibit 7 at 47).

## III

## PLAINTIFF'S CLAIMS

Plaintiff's SAC contains two causes of action. First, Plaintiff alleges that his due process rights under the Fourteenth Amendment were violated by Defendants' failure to provide him with an Inmate Copy[4] of the SHO's findings within five working days of the decision in accordance with Cal. Code of Regs. 15, art. 5 § 3320(l). (SAC at 4-7.)  Second, Plaintiff alleges that he was deprived of his First Amendment right to redress of grievances when Defendants failed to process his inmate appeals.  (SAC at 13-23; Motion to Dismiss at 10-11.)  He

---

[4] Plaintiff contends that his "Inmate Copy" included the "Findings, Evidence, and Final Disposition of the CDC 115, Rules Violation Report, prepared by the Senior Hearing Officer... regarding his review of the CDC 115, RVR, at the disciplinary hearing."  (SAC at 3.)

asserts that the violation of these rights resulted in "atypical and significant hardship." (SAC at 6.)

Plaintiff's claims are brought against Chief Deputy Warden Armando Favila, Doug Degeus, Appeals Coordinator, and M. Garcia, Office Technician. All defendants are named in their individual and official capacities.

Plaintiff claims that he was deprived of due process when Defendants provided him with the Inmate Copy approximately 40 days after the disciplinary hearing. He asserts that since the California Code of Regulations requires that inmates be provided an Inmate Copy within five working days following a disciplinary finding, the 40-day delay had a "chilling effect" on his "ability to [administratively] challenge the disciplinary findings." (SAC at 4-5 citing to Cal. Code of Regs. 15, art. 5 § 3320(l)). Plaintiff contends that receipt of the Inmate Copy 40 days after the decision "infringed upon his First Amendment right" to timely appeal the finding. (SAC at 13.) He concedes that in accordance with California Code of Regulations 15, art. 8 § 3084.1 (a), an inmate is required to file an appeal within 15 days after a disciplinary decision. (Complaint at 13.) However, Plaintiff alleges, due to the delay in receipt of the Inmate Copy, he was deprived of his ability to timely appeal the decision. (Id.)

Plaintiff claims that, as a result of his inability to successfully appeal the disciplinary decision, his housing assignment was changed to the SHU, he was "sub-

jected to" forfeiture of his job assignment and a decrease in his work group privilege status, he was transferred from a low level-III institution to a higher level-IV institution, and his custody classification status increased. (SAC at 6-7.)

Plaintiff seeks compensatory, punitive, special, and nominal damages from each defendant, costs of filing fees, and attorney fees.[5] (SAC at 33.) Further, he seeks for the Court to vacate and dismiss the disciplinary finding of guilt. (Id.)

## IV

### PROCEDURAL HISTORY

On November 6, 2012, the undersigned filed an R&R that recommended that Defendants' Motion to Dismiss be granted, and the SAC be dismissed without prejudice. (Dkt. No. 31.) Objections to the R&R were due by December 14, 2012, but neither party filed objections.

Upon review of the matter, District Judge Gonzalo P. Curiel discovered that Plaintiff had previously filed a Petition for Writ of Habeas Corpus in Nelson v. Clark, 10cv1047-IEG(MDD), 2011 WL 3740352 (S.D. Cal. July 15, 2011), Report and Recommendation adopted, 10cv1047-IEG(MDD), 2011 WL 3739149 (S.D. Cal. August 23, 2011). On August 24, 2011, a Judgment was entered against Plaintiff. The Petition for Writ of Habeas Corpus was denied with prejudice on the ground that Plaintiff filed the Petition

---

[5]   Plaintiff is precluded from obtaining an award of attorney's fees due to his *pro se* status. See Kay v. Ehrler, 499 U.S. 432, 438 (1991) (*pro se* litigants are not entitled to attorney fees awards).

for Writ of Habeas Corpus after the statute of limitations had run.

On July 24, 2013, Judge Curiel declined to adopt the undersigned's R&R in this action and remanded for further review to determine whether the case should be dismissed under the doctrine of *res judicata* based upon the judgment entered in Nelson v. Clark.

On July 30, 2013, the undersigned ordered further briefing by the parties regarding the applicability of *res judicata*. On August 28, 2013, Defendants submitted a Supplemental Brief in support of dismissing the case under *res judicata*. On September 30, 2013, Plaintiff filed a Supplemental Brief in Opposition to Defendants' Supplemental Brief ("Supplemental Opposition").

V

STANDARD OF REVIEW

1. Motion to Dismiss

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Fed. R. Civ. Pro. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). Dismissal of a claim is appropriate only where the complaint lacks

a cognizable theory. <u>Bell Atlantic</u>, 550 U.S. at 553-565. The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. <u>N.L. Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986); <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).

To state a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) that the conduct complained of was committed by a person acting under color of state law; and, (2) that the conduct deprived the plaintiff of a constitutional right. <u>Broam v. Bogan</u>, 320 F.3d 1023, 1028 (9th Cir. 2003); <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

Finally, where a plaintiff appears *in propria persona* in a civil rights case, the Court must be careful to construe the pleadings liberally and afford plaintiff any benefit of the doubt. See <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988); <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc). The rule of liberal construction is "particularly important in civil rights cases." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.").

### 2. Res Judicata

*Res judicata* or collateral estoppel consists of the doctrines of issue preclusion and claim preclusion. Issue preclusion bars relitigation of issues of fact or law actually litigated and necessarily decided in a prior proceeding against the party who seeks to relitigate the issues. Hawkins v. Risley, 984 F.2d 321, 325 (9th Cir. 1993). Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action." McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986). A *res judicata* defense requires (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. Headwaters, Inc. v. Forest Service, 399 F.3d 1047, 1052 (9th Cir. 2005) (quotations omitted). Where the foregoing requirements are met, a federal or state habeas decision has *res judicata* effect on a subsequent § 1983 action. Hawkins, 984 F.2d at 323; see also Silverton v. Department of the Treasury of the United States of America, 644 F.2d 1341, 1347 (9th Cir. 1981).

## VI

## DISCUSSION

The Judgment in Plaintiff's previous Petition for Writ of Habeas Corpus bars this § 1983 action pursuant to *res judicata* because there is an identity of claims, the habeas decision is a final judgment on the merits, and there is privity between the defendants in both actions.

A. <u>Identity of Claims</u>

In the current case, Plaintiff attempts to relitigate identical issues decided in his prior Petition for Writ of Habeas Corpus, <u>Nelson v. Clark</u>. In determining whether a present dispute concerns the same claims as did prior litigation, the Ninth Circuit considers:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

<u>Headwaters</u>, 399 F.3d at 1052 [citing <u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201-02 (9th Cir. 1982)]. "The central criterion in determining whether there is an identity of claims... is whether the two suits arise out of the same transactional nucleus of facts." <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 714 (9th Cir. 2001) (quotations omitted).

Here, the central criterion is satisfied. Both actions arise out of the same nucleus of facts, namely, the events that occurred on and followed the March 15, 2007 search and discovery of an inmate-manufactured weapon in Plaintiff's cell. (SAC at 3; <u>Nelson v. Clark</u>, 2011 WL 3740352 at *1). In <u>Owens</u>, the Ninth Circuit upheld the district court's determination that the appellant's claims arose out of same nucleus of operative facts where both suits were "predicated on racial discrimination and allege the same circumstances regarding Appellants' termina-

tions." Owens, 244 F.3d at 714. Similarly, both Plaintiff's prior Petition for Writ of Habeas Corpus and his current § 1983 action are predicated on the March 15, 2007 discovery of an inmate-manufactured weapon in Plaintiff's cell, the disciplinary committee's subsequent determination of Plaintiff's guilt, and the SHO's failure to provide him with an Inmate Copy of the SHO's findings within five working days of the decision. [SAC at 3; 10cv1047-IEG(MDD), Complaint].

Furthermore, "the two suits involve infringement of the same right[s]." Headwaters, 399 F.3d at 1052. Here, Plaintiff's first claim in this action alleges that his due process rights under the Fourteenth Amendment were violated by Defendants' failure to provide him with an Inmate Copy of the SHO's findings within five working days of the decision in accordance with Cal. Code of Regs. 15, art. 5, § 3320(1). (SAC at 4-7.) Likewise, in the previous Petition for Writ of Habeas Corpus, Plaintiff contended his "rights of procedural due process [were] violated by prison officials [sic] failure to provide him with the 'Inmate Copy' of the Senior Hearing Officer's Findings and Final Disposition of the serious CDG 115 Rule Violation Report within 5 working days after review of the CDG 115." [10cv1047-IEG(MDD), Complaint].

Moreover, in this action, Plaintiff's second claim alleges that he was deprived of his First Amendment right to redress of grievances when Defendants failed to process his inmate appeals. (SAC at 13-23). Analogously, in the

previous Petition for Writ of Habeas Corpus, Plaintiff contended he "was denied the right to redress his grievances and denied the right to exercise freedom of expression as protected by the due process clauses of the First and Fourteenth Amendments by prison officials obstructing and interfering with [his] ability to exhaust the department's administrative remedies." [10cv1047-IEG(MDD), Complaint].

Accordingly, Plaintiff's current action clearly concerns the same claims as did his prior Petition for Writ of Habeas Corpus. The present action and the Petition for Writ of Habeas Corpus involve the alleged violation of the same rights and arise from the same nucleus of facts.

Moreover, despite Plaintiff's contentions to the contrary, the result is no different where the court that adjudicated the Petition for Writ of Habeas Corpus did not have the power to award the full measure of relief sought in this action. Plaintiff argues that since he could not recover damages in the prior Petition for Writ of Habeas Corpus, the Petition for Writ of Habeas Corpus cannot preclude this action where he seeks monetary damages. (Supplemental Opposition at 12). However, Ninth Circuit case law demonstrates that the unavailability of damages in a Petition for Writ of Habeas Corpus does not preclude its *res judicata* effect on a subsequent § 1983 suit. See, e.g., Silverton, 644 F.2d at 1347 ("The mere difference in the form of relief is unimportant."); Hawkins, 984 F.2d at 325 (holding a prior suit had preclusive effect where the

previous court had reached a judgment on the merits, although the plaintiff sought different relief in the two cases). Thus, despite differences in relief sought, Plaintiff raised the same claims in the previous Petition for Writ of Habeas Corpus that he raises in this action. Therefore, *res judicata* applies to this aspect of the current action.

### B.   Final Judgment on the Merits

The judgment entered in Nelson v. Clark constitutes a judgment on the merits. "The Supreme Court has unambiguously stated that a dismissal on statute of limitations grounds is a judgment on the merits." Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1081 (9th Cir. 2003) [citing Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995)]. The Ninth Circuit has also stated that "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims" because it "constitutes a disposition on the merits." McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009).

Plaintiff's previous Petition for Writ of Habeas Corpus was denied with prejudice for untimeliness. Nelson v. Clark, 2011 WL 3739149 at *1. According to well-settled case law, this decision constitutes a judgment on the merits.

### C.   Privity Between Parties

Finally, there is privity between the Respondent in the Petition for Writ of Habeas Corpus, Warden Clark, and

1  the defendants in the current case, CDCR Officers A.
2  Favila, M. Garcia, and D. Degeus. To have *res judicata*
3  effect upon a subsequent action, the actions must be
4  "between the same parties or those in privity with them."
5  <u>Sunshine Anthracite Coal Co. v. Adkins</u>, 310 U.S. 381, 403
6  (1940). The Supreme Court has stated, "the fact that the
7  parties are not precisely identical is not necessarily
8  fatal [to *res judicata* preclusion]... [i]dentity of
9  parties is not a mere matter of form, but of substance."
10 <u>Id.</u> (citations and quotations omitted). For example,
11 "[t]here is privity between officers of the same govern-
12 ment so that a judgment in a suit between a party and a
13 representative of the United States is *res judicata* in
14 relitigation of the same issue between that party and
15 another officer of the government." <u>Id.</u>
16     Here, the defendants in both the previous and
17 current actions are CDCR officers. In <u>Jackson v. Director</u>
18 <u>of Corrections of California</u>, 2013 WL 3923426, at *1 (C.D.
19 Cal. July 29, 2013), the court held that prior state
20 petitions for writ of habeas corpus brought by the plain-
21 tiff had preclusive effect on the plaintiff's subsequent
22 § 1983 action. In the first action, the plaintiff named as
23 respondents the prison Warden and Director, and in the
24 second, a correctional officer. <u>Id.</u> at *8. In determining
25 the preclusive effect of the Petition for Writ of Habeas
26 Corpus, the court stated, "[t]he actions involve[d] the
27 same injury to Plaintiff and the same wrong by prison
28 officials, even though the form of the actions in state

court (Petitions for Writ of Habeas Corpus) led Plaintiff to identify as the adverse party his custodian rather than the individual wrongdoers." Id. at *9.

This case is substantially similar to Jackson. *Res judicata* effect is not precluded solely because the nature of the lawsuits led Plaintiff to name his custodian, Warden Clark, in the previous Petition for Writ of Habeas Corpus, and different "individual wrongdoers" in the current § 1983 suit. Furthermore, officers of the same government are in privity for the purposes of *res judicata* application. Thus, Defendants are in privity with prior defendant, Warden Clark. See Sunshine Anthracite, 310 U.S. at 403.

Consequently, Plaintiff's current action is barred by *res judicata* because there is an identity of claims between this action and the prior Petition for Writ of Habeas Corpus, the decision in the Petition for Writ of Habeas Corpus constitutes a final judgment on the merits, and there is privity between the defendants in this action and the Respondent in the previous Petition for Writ of Habeas Corpus.

V

CONCLUSION

For the aforementioned reasons, the Court RECOMMENDS Defendant's Motion to Dismiss be GRANTED. The Court further RECOMMENDS that Plaintiff's Complaint be DISMISSED with prejudice.

          This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. Section 636(b)(1).

          IT IS ORDERED that no later than <u>December 18, 2013</u> any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

          IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than <u>January 3, 2014</u> The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 20, 2013

                                    _____
                                    Hon. William V. Gallo
                                    U.S. Magistrate Judge