UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTUS NELSON,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>DENNIS BROWN, et al.<br>　　　　　　　　　　Defendants. | CASE NO. 11-CV-2202-GPC (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. No. 36] |

## I. INTRODUCTION

Plaintiff Augustus Nelson ("Plaintiff"), a state prisoner proceeding *pro se* and *informa pauperis*, filed a Second Amended Complaint ("SAC") under the Civil Rights Act, 42 U.S.C. § 1983. (Dkt. No. 11.) Defendants, A. Favila, M. Garcia, and D. Degeus ("Defendants") filed a Motion to Dismiss and a Wyatt Notice pursuant to Wyatt v. Terhun, 315 F.3d 1108, 1119 (9th Cir. 2003). (Dkt. No. 21.) On November 20, 2013, pursuant to 28 U.S.C. § 636(b)(1), the Honorable William V. Gallo, United States Magistrate Judge ("Magistrate Judge") submitted a report and recommendation ("Report") recommending that this Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's SAC with prejudice. (Dkt. No. 36.) Neither party has filed objections to the Magistrate Judge's Report. After a thorough review of the issues and for the reasons set forth below, this Court

**ADOPTS** the Magistrate Judge's Report and **GRANTS** Defendants' Motion to Dismiss with prejudice and without leave to amend.

## II. BACKGROUND

Plaintiff is currently serving a life sentence with the possibility of parole after his conviction of kidnapping for robbery with use of a deadly weapon. (See Nelson v. Clark, Case No. 10-CV-1047-IEG (MDD), Dkt. No. 12 at 1–2.) At the time of the events giving rise to the present action, Plaintiff was a prisoner at Centinela State Prison located in Imperial, California. (Dkt. No. 1 at 1.) On March 15, 2007, prison officers searched Plaintiff's cell and discovered an inmate-manufactured weapon. (Dkt. No. 11 at 3.)

Prison authorities issued Plaintiff a California Department of Corrections ("CDC") Form 115 Rules Violation Report, charging him with possession of an inmate-manufactured weapon. (Dkt. No. 11 at 3; Dkt. No. 22 at 1.) Following a disciplinary hearing on April 13, 2007, a Senior Hearing Officer found Plaintiff guilty. (Dkt. No. 11 at 3.) According to California Code of Regulations, title 15, section 3320(l), California Department of Corrections and Rehabilitation ("CDCR") must provide inmates with a copy of the completed CDC Form 115 within five working days of the hearing. (Dkt. No. 11 at 4.)

Plaintiff claims that he did not receive a copy of the "Findings of Evidence" and "Final Disposition" of his hearing until May 23, 2007, approximately 40 days later. (Dkt. No. 11 at 3.) On May 31, 2007, the Institution Classification Committee ("ICC") conducted a hearing to review the Senior Hearing Officer's conclusions and affirmed the guilty finding for possession of an inmate-manufactured weapon. (Dkt. No. 11 at 15.) On June 25, 2007, ICC provided Plaintiff with a copy of their disposition and on July 8, 2007, Plaintiff submitted an inmate appeal challenging the findings of his original disciplinary hearing. (Dkt. No. 11 at 16.) After his appeal was twice rejected as untimely (Dkt. No. 11 at 18), Plaintiff submitted his rejected appeal to the Chief of Inmate Appeals. (Dkt. No. 22

at 22.) Plaintiff's appeal was rejected for failure to receive a second-level appeal decision at the institutional level. (Dkt. No. 11 at 22; Dkt. No. 6.) Plaintiff alleges that Defendants' actions resulted in atypical and significant hardship, including loss of his work assignment and group privilege status, serving a ten-month sentence in the Security Housing Unit, a custody classification increase, and transfer from a Level III to a Level IV institution. (Dkt. No. 11 at 6–7.)

### III. PROCEDURAL HISTORY

On May 10, 2010, Plaintiff filed a Petition for Writ of Habeas Corpus, naming Ken Clark, a warden, as defendant. (Nelson v. Clark, Case No. 10-CV-1047-IEG (MDD), Dkt. No. 1.) Plaintiff's habeas petition contained the factual allegations listed above and asserted two grounds which entitled him to relief: (1) a violation of his due process rights under the Fourteenth Amendment for failure to timely receive an "inmate copy" of the CDC 115 Rule Violation Report; and (2) a violation of his First Amendment right to redress of grievances because the delay infringed upon his right to appeal the disciplinary hearing's guilty findings. (Id. at 6, 15.) District Court Judge Irma E. Gonzalez dismissed with prejudice Plaintiff's Petition for Writ of Habeas Corpus because the one-year statute of limitations had run under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). Nelson v. Clark, Case No. 10-CV-1047-IEG (MDD), 2011 WL 3739149, at *2 (S.D. Cal. Aug. 23, 2011). Judgment was entered against Plaintiff on August 24, 2011.

On September 21, 2011, Plaintiff filed the present civil rights complaint under 42 U.S.C. section 1983, challenging the procedural adequacy of inmate grievance procedures at Centinela State Prison. (Dkt. No. 1.) On October 19, 2011, District Court Judge Dana Sabraw granted IFP, but sua ponte dismissed Plaintiff's complaint without prejudice for failure to state a claim under 28 U.S.C. sections 1915(e)(2) and 19515(b). (Dkt. No. 3.) On December 5, 2011, Plaintiff filed an

amended complaint, which the court again dismissed sua ponte for failure to state a claim. (Dkt. No. 8.)

On March 16, 2012, Plaintiff filed a second amended complaint ("SAC"), the currently operative complaint. (Dkt. No. 11.) In his SAC, Plaintiff alleges: (1) his due process rights under the Fourteenth Amendment were violated by the CDCR's failure to timely provide him, within five working days of the disciplinary hearing, an "inmate copy" of the CDC Form 115 Rule Violation Report (Dkt. No. 1 at 6); and (2) Defendants deprived him of his First Amendment right to redress of grievances when they repeatedly declined to process his appeals (Dkt. No. 1 at 13, 24–26.)

On August 6, 2012, Defendants filed a motion to dismiss the SAC for Plaintiff's failure to exhaust administrative remedies and failure to state a claim for which relief may be granted. (Dkt. No. 21-1.) On October 12, 2012, the case was transferred to the undersigned Judge. (Dkt. No. 26.) On November 6, 2012, Magistrate Judge William V. Gallo submitted a report and recommendation to this Court recommending that Defendant's Motion to Dismiss be granted and Plaintiff's SAC be dismissed without prejudice. (Dkt. No. 31.)

After discovering that Plaintiff had previously filed a Petition for Writ of Habeas Corpus (Nelson v. Clark, Case No. 10-CV-1047-IEG (MDD), Dkt. No. 1), which was dismissed as untimely (Nelson v. Clark, Case No. 10-CV-1047-IED (MDD), Dkt. No. 38), this Court declined to adopt Judge Gallo's report and recommendation. (Dkt. No. 32.). Instead, the Court directed Judge Gallo to set a briefing schedule and determine whether the judgment entered in Nelson v. Clark precluded Plaintiff's present claims under the doctrine of res judicata. (Dkt. No. 32 at 2.) Plaintiff and Defendants were ordered to file supplemental briefs that addressed the application of res judicata to this case. Defendants filed a Supplemental Brief (Dkt. No. 36.) and Plaintiff filed an Opposition to Defendant's Supplemental Brief (Dkt. No. 35). On November 20, 2013, the Magistrate Judge

submitted a second report and recommendation ("Report") to this Court, recommending that this Court grant Defendant's Motion to Dismiss and dismiss Plaintiff's SAC with prejudice. (Dkt. No. 36 at 2.)

## IV. LEGAL STANDARD

In reviewing a magistrate judge's report and recommendation, a district court "must make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b). However, when neither party timely objects to the magistrate judge's proposed findings of fact, the district court "may assume their correctness and decide the motion on the applicable law." Campbell v. U.S. Dist. Court for the N. Dist. of Cal., 501 F.2d 196, 206 (9th Cir. 1974).

## V. DISCUSSION

**A. Judicial Notice**

Defendants request that this Court take judicial notice of the following court records: (1) Plaintiff's Petition for Writ of Habeas Corpus in Nelson v. Clark, Case No. 10-CV-1047-IEG (MDD) (Dkt. No. 1); (2) Report and Recommendation of the United States Magistrate Judge Re: Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus in Nelson v. Clark, Case No. 10-CV-1047-IEG (MDD) (Dkt. No. 30); (3) Order Adopting Report and Recommendation, Dismissing Petition for Writ of Habeas Corpus, and Denying Certificate of Appealability in Nelson v. Clark, Case No. 10-CV-1047-IEG (MDD) (Dkt. No. 33); and (4) Judgment in a Civil Case dismissing the Petition for Writ of Habeas Corpus with prejudice in Nelson v. Clark, Case No. 10-CV-1047-IEG (MDD) (Dkt. No. 34.) (Dkt. No. 34-1.) Plaintiff does not object to Defendants' Request for Judicial Notice.

Generally, the court's consideration of evidence outside the complaint converts a motion to dismiss into a motion for summary judgment, in which case, specific notice to the non-moving party is required, particularly when the plaintiff is

1  a pro se prisoner. Walker v. Woodford, 454 F. Supp. 2d 1007, 1022 (S.D. Cal.
2  2006) (citations omitted). The court, however, may consider: "documents attached
3  to the complaint, documents incorporated by reference in the complaint, or matters
4  that can be *judicially noticed*," without converting a Rule 12(b)(6) motion into a
5  motion for summary judgment. Id. (citations omitted) (emphasis added).
6       Federal Rule of Evidence 201 provides that a court may take judicial notice of
7  "an adjudicative fact" that is "not subject to reasonable dispute" because it is either:
8  (1) generally known within the territorial jurisdiction of the trial court; or (2)
9  capable of accurate and ready determination by resort to sources whose accuracy
10 cannot reasonably be questioned." Fed. R. Evid. 201(a) and (b). A court may take
11 judicial notice of their records and prior habeas corpus proceedings. See Valerio v.
12 Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978) (taking judicial
13 notice of the court's final order and judgment in a proceeding whose negotiations
14 were relevant to the present motion for summary judgment); see also Reyn's Pasta
15 Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking
16 judicial notice of plaintiff's court briefs and hearing transcript in order to determine
17 whether issues actually litigated in prior suit barred present action under the
18 doctrine of issue preclusion); Egan v. Teets, 251 F.2d 571 (9th Cir. 1957) (finding
19 that district court in a habeas corpus proceeding properly took judicial notice of
20 prior habeas corpus proceedings in same court involving same state prisoner).
21      Although "[c]ourt orders and filings are the kind of documents that are
22 properly noticed under the rule," it is only for the narrow purpose of "recognizing
23 the 'judicial act' the order represents on the subject matter of the litigation."
24 Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1113 (C.D. Cal.
25 2003) (citations omitted); see also M/V Am. Queen v. San Diego Marine Constr.
26 Corp., 708 F.2d 1438, 1491 (9th Cir. 1983) (stating that "a court may not take
27 judicial notice of proceedings or records in another cause so as to supply, without
28 formal introduction of evidence, facts essential to support a contention in a cause

then before it.").

Because these documents are publically recorded or publically available federal court filings, the Court finds that their accuracy cannot reasonably be questioned. Accordingly, the Court hereby takes judicial notice of the existence and legal effect of the exhibits in Defendants' request for judicial notice.

**B. Res Judicata**

The Magistrate's Report correctly sets forth the legal standards the Court must apply in considering whether Plaintiff's claims are barred by res judicata. Under the doctrine of res judicata, a final judgment on the merits of an action bars the parties or their privities from relitigating issues, which could have been or were raised in that action. Dodd v. Hood River Cnty., 59 F.3d 852, 863 (9th Cir. 1995). By preventing parties from contesting matters they had the full opportunity to litigate, res judicata relieves parties of "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153–54 (1979) (citations omitted).

Res judicata precludes a subsequent suit when there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (citations omitted). Courts have also held that a prior judgment in a federal habeas corpus proceeding can have preclusive effect in a subsequent civil rights action brought under 42 U.S.C. section 1983. Hawkins v. Risley, 984 F.2d 321,323 (9th Cir. 1993); see Silverton v. Dep't of the Treasury, 644 F.2d 1341, 1347 (9th Cir. 1981) (ruling that a state habeas proceeding may have claim or issue preclusive effect in a later section 1983 action).

//
//

### 1. Identity of Claims

Plaintiff asserts that "a decision in a proceeding that could not award damages is not res judicata in a later [section] 1983 suit seeking damages" because the first court did not have the power to award the full measure of relief sought in subsequent litigation. (Dkt. No. 35 at 17.) Defendants argue, however, that Plaintiff's habeas petition and SAC involve the same controversy because his specific factual allegations in both pleadings are nearly identical. (Dkt. No. 34 at 13.) For example, Plaintiff alleges in both actions that: (1) his due process rights were violated during his disciplinary hearing; (2) he was not given a copy of the findings and final disposition; (3) he was prevented from exhausting his judicial remedies; and (4) the conditions of his confinement became more restrictive as a result of Defendants' actions. (Dkt. No. 35 at 13.)

The Report correctly identifies the proper legal standard to apply in this instance. In determining whether successive lawsuits involve the same claim a court considers:

> (1) [W]hether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Headwaters, 399 F.3d at 1052 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982) (internal citation omitted). Of these criteria, however, the last is the most important. Id.

The Report correctly concludes that Plaintiff's claims in both his prior habeas petition and his current section 1983 action arise from the same transactional nucleus of facts, namely, the March 15, 2007 discovery of an inmate manufactured weapon in Plaintiff's cell, the disciplinary committee's finding of guilt, and its failure to provide him with an Inmate Copy of their findings within five days of the decision. Additionally, because both actions arise from the same nucleus of operative facts, substantially the same evidence must be produced to support Plaintiff's allegations.

Judge Gallo's Report also properly finds that both actions involve infringement of the same rights. Both Plaintiff's Writ of Habeas Corpus and his current SAC allege: (1) Plaintiff's due process rights under the Fourteenth Amendment were violated when Defendants' provided him with an Inmate Copy of the disciplinary hearing's findings forty days after its decision was rendered; and (2) Plaintiff was deprived of his First Amendment right to redress of grievances when Defendants failed to process his appeals.

Finally, prosecution of Plaintiff's section 1983 action would not impair any rights or interests established in the prior judgment because Plaintiff's habeas petition was barred by the statute of limitations. The Report addresses Plaintiff's contention that because the district court lacked the power to award damages in his prior habeas proceeding, the August 24, 2011 judgment cannot preclude his current section 1983 action where he seeks monetary damages. In advancing this argument, Plaintiff cites several out-of-circuit cases. See Burgos v. Hopkins, 14 F.3d 787, 791–92 (2d Cir. 1994) (holding that under New York law, res judicata does not bar an action presenting the same claim where "the initial forum did not have the power to award the full measure of relief sought in the later litigation"); Reed v. McKane, 298 F.3d 946, 951 (10th Cir. 2002) (concluding that prior habeas proceeding did not preclude subsequent section 1983 action); Bates v. Dep't of Corrections, 774 F. Supp. 536, 593 (E.D. Wis. 1991) (finding that res judicata did not bar plaintiff's subsequent section 1983 action because the state court and disciplinary committee lacked jurisdiction to award him damages); Catten v. Coughlin, 644 F. Supp. 1228, 1229 (S.D.N.Y. 1986) (citing Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir. 1986) (ruling that plaintiff's Article 78 proceeding, which could not award damages for civil rights violations, did not bar his later section 1983 action) (citation omitted); Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993) (noting that res judicata does not preclude a section 1983 action for money damages when a

1  prisoner's claims have been adjudicated in a state habeas corpus proceeding because
2  the two actions are premised on different wrongs) (citation omitted).
3       These out-of-circuit authorities, however, are not persuasive because the
4  Ninth Circuit, by which this Court is bound, has held otherwise. See Hawkins, 984
5  F.2d at 325 (holding that prior habeas action precluded plaintiff's section 1983
6  action even though plaintiff sought different relief in the two actions).  The Report
7  properly found that the unavailability of damages in a Petition for Writ of Habeas
8  Corpus does not preclude its res judicata effect on a later section 1983 action. See
9  Silverton, 644 F.2d at 1347 (finding that plaintiff's prior habeas proceedings
10 precluded his subsequent section 1983 action even if there were differences in the
11 form of relief sought).
12      Because Plaintiff's current action and his prior habeas petition arise from the
13 same nucleus of facts, require substantially the same evidence to be presented, and
14 involve infringement of the same rights, the Report correctly finds that the present
15 dispute concerns the same claims as did Plaintiff's habeas petition.
16      **2. Final Judgment on the Merits**
17      Plaintiff contends that the judgment in his prior Writ for Habeas Corpus is not
18 on the merits because it was based on a different reason unrelated to his current
19 section 1983 action.  Plaintiff argues that if he was challenging his conviction and
20 duration of time, then the application of res judicata would be proper.  His instant
21 action, however, challenges procedures used by prison officials to deprive him of
22 his civil rights, while his habeas proceeding focused exclusively on the issue of
23 statute of limitations.  (Dkt. No. 35 at 14.)  Defendants assert that Nelson v. Clark,
24 Case No. 10-CV-1047-IEG MD, 2011 WL 3739149 (S.D. Cal. Aug. 23,
25 2011),which dismissed Plaintiff's habeas petition with prejudice as being time-
26 barred under the AEDPA's one-year statute of limitations, constitutes a final
27 judgment on the merits.
28

The Magistrate's Report correctly notes that a prior habeas petition dismissed with prejudice for failure to comply with the statute of limitations constitutes a disposition on the merits. McNabb v. Yates, 576 F.3d 1028, 1029–30 (9th Cir. 2009) (dismissing a habeas petition as untimely is considered a disposition on the merits); see also Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ("The rules of finality . . . treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."). Hence, the Report correctly concludes that dismissal of Plaintiff's habeas petition with prejudice, as being filed outside the applicable statute of limitations, constitutes a final judgment on the merits.

**3. Privity Between the Parties**

Defendants assert they are in privity with Clark because both parties are employees of the California Department of Corrections and Rehabilitation and staff members of Centinela State Prison. (Dkt. No. 34 at 14.) Moreover, their interests in ensuring the safety and security of the prison are identical. (Id.) Plaintiff's Opposition does not address the issue of privity between the defendants in both suits.

The Report properly sets forth the legal standard for determining whether privity exists between two parties that are not necessarily identical. In order for a judgment to have res judicata effect upon a subsequent action, the claim must be "between the same parties or those in privity with them." Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402 (1940). Privity is a legal conclusion which designates a person "so identified in interest with a party to former litigation that he represents precisely the same right" being adjudicated. In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) (quoting Southwest Airlines Co. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 94 (5th Cir. 1977)). Because "there is privity between officers of the same government," a judgment in one suit between a party and a representative

of the United States precludes relitigation of the same issue between that party and a different government officer in a later suit. Sunshine Anthracite Coal, Inc., 310 U.S. at 402–03; see also Nordhorn v. Ladish Co., 9 F.3d 1402, 1405 (9th Cir. 1993) ("[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other.") (citation omitted).

The Report correctly concludes that there is privity between the Respondent in Plaintiff's Petition for Writ of Habeas Corpus and Defendants in the current action. In his previous habeas petition, Plaintiff named Ken Clark, the prison warden, as the authorized person having custody of Plaintiff. In his currently operative SAC, Plaintiff names three correctional officers in their individual capacities, all of whom were acting within the course and scope of their employment at CDCR: (1) A. Favila is the Chief Deputy Warden and Chief Disciplinary Officer; (2) D. Degeus is an Appeals Coordinator; and (3) M. Garcia is an office technician. (Dkt. No. 11 at 2, 9.)

The Report cites Jackson v. Dir. of Corrections, 2013 WL 3923426, at *1 (C.D. Cal. July 29, 2013), for the proposition that res judicata is not precluded solely because the nature of the lawsuits led Plaintiff to name his custodian, Warden Ken Clark, in his previous habeas petition and different individual CDCR officers in his current section 1983 suit. (Dkt. No. 36 at 16.) In Jackson, plaintiff filed two state habeas petitions naming as respondents, the prison Warden and the Director of CDCR. Jackson, 2013 WL 3923426 at *8. In his later federal suit for violation of his First and Fourteenth Amendment rights, plaintiff named various CDCR correctional officers in their individual capacities. Id. at *1. In concluding that res judicata barred plaintiff from re-litigating his due process claim, the court found that the parties in both the state and federal cases were in privity as CDCR employees. Id. at *8, 10 ("[Both] actions involve the same injury to Plaintiff and the same wrong by prison officials, even though the form of the [habeas petitions] led

Plaintiff to identify as the adverse party his custodian rather than the individual wrongdoers.")

As in Jackson, Plaintiff named prison warden, Ken Clark, in his prior habeas petition because the form complaint prompted Plaintiff to identify his authorized custodian, rather than the individual correctional officers whose actions allegedly caused Plaintiff's injury. Indeed, Defendants' supplemental brief correctly points out that Plaintiff specifically identified Defendant, M. Garcia, in the body of his habeas petition as the Office Technician who cancelled his inmate appeal for untimeliness. (Nelson v. Clark, Case No. 10-CV-1047-IEG (MDD), Dkt. No. 1 at 9–10.) Because defendants in both actions are CDCR employees and officers of the same government, the Report properly finds that privity exists between the parties.

Plaintiff's current action is barred by the doctrine of res judicata because the same claims are being pursued, the adjudication of the prior habeas petition constituted a final judgment on the merits, and because the parties in both federal actions are in privity as CDCR employees.

## VI. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Court **ADOPTS** the report and recommendation of the Magistrate Judge in its entirety and **GRANTS** Defendants' Motion to Dismiss, (Dkt. No. 21), with prejudice and without leave to amend. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: March 18, 2014

HON. GONZALO P. CURIEL
United States District Judge